UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **FERLIA BRYANT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC.,**<br><br>*Defendant*. | Case Number: 8:24-cv-1417<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ferlia Bryant ("Ms. Bryant"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, Experian Information Solutions, Inc. ("Experian" or "Defendant"), stating as follows:

**PRELIMINARY STATEMENT**

1. This is an action brought by Ms. Bryant against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. The Defendant is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat. and Fed. R., Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida because the acts complained of were committed within Hillsborough County, Florida.

Page **1** of **12**

## PARTIES

5. Ms. Bryant is a natural person residing in the city of Temple Terrace, Hillsborough County, Florida.

6. Ms. Bryant is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Experian is registered to conduct business as a foreign corporation in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9. Experian is a nationwide Consumer Reporting Agency ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Duplicate Tradelines

10. In July 2022, Ms. Bryant opened a credit card account with Credit One Bank ("Credit One") with a $650 credit limit.

11. Credit One thereafter furnished information regarding the account to the "big three" CRAs – Equifax, Experian and Trans Union.

12. In March 2024, Credit One charged the account to profit and loss.

13. Credit One thereafter updated the data furnished to each of the CRAs regarding the account to reflect an account status of "Charge Off."

14. Equifax and Trans Union continued to report the account under a single tradeline.

15. However, Experian, due to flaws in its procedures for identifying duplicate accounts, incorporated a single tradeline into its file on Ms. Bryant.

16. As a result, Experian began reporting the Credit One account as two separate, distinct tradelines.

17. Both tradelines represented a credit card account opened in July 2022.

18. Both tradelines reported identical balances of $1,128.

19. Thus, the report claimed there was an aggregate $2,256 of debt owed to Credit One, although even in a light most favorable to Experian, the amount did not exceed $1,128.

20. Ms. Bryant did not obtain *two* credit card accounts from Credit One on the same date, which accounts were charged off in the same amount during the same month.

21. The two Credit One tradelines clearly concern an identical, singular, credit card belonging to Ms. Bryant.

22. Despite the obvious duplication of the Credit One account, Experian produced and sold reports about Plaintiff which included both iterations of the Credit One tradeline.

23. Experian has been sued multiple times in the past for reporting a single account across multiple tradelines and is thus well aware of the flaws in its software which *frequently* fail to catch and remove duplicate tradelines from appearing on a consumer's credit reports.

24. The Defendant's inclusion of the duplicate tradelines caused significant harm to Mr. Bryant's credit scores, as the number of charged-off accounts on a consumer's report adversely affects the consumer's scores.

25. Likewise, the amount of debt in collection adversely affects the consumer's debt-to-income ratios.

26. Ms. Bryant applied for financing for an auto loan on March 27, 2024.

27. Ms. Bryant visited Westshore Honda, who obtained her personal identifying information and used it to seek approval for Ms. Bryant to obtain a loan from at least five different auto lenders, including Ally Financial, Global Lending Services, and Exter Finance.

28. Experian sold a consumer report regarding Ms. Bryant to each of these five lenders.

29. While consumer reports are often not made available to the consumer without a subpoena, on information and belief, each report sold by Experian included the duplicate Credit One tradelines.

30. Due at least in part to the presence of the second tradeline, Ms. Bryant was unable to obtain financing from any of the five lenders who evaluated her application.

31. As a result of Experian's conduct, Ms. Bryant has suffered loss of credit, an inability to build equity in a car, damage to her reputation, and severe emotional distress.

### Experian Fails to Meaningfully Disclose Legally Required Information

32. Ms. Bryant requested a copy of her Experian consumer credit disclosure on May 9, 2024.

33. Upon receipt of Ms. Bryant's request, Experian was required to "clearly and accurately" disclose all information in Ms. Bryant's file at the time of her request, including identification of *each* person, including an end user if the report was obtained by a reseller, who obtains a consumer report from Experian within the prior year *for any purpose*. See 15 U.S.C. § 1681g(a)(3)(A)(ii).

34. "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

35. Experian failed to clearly identify the end user of reports sold regarding Ms. Bryant.

36. Experian's disclosure shows an inquiry made on November 14, 2023 as such:

| Account name | Date of request(s) |
|---|---|
| CLARITY/CCB/TLS/MKANYLT/ | 11/14/2023 |

37. Experian thus disclosed four end users concerning a single inquiry.

38. "TLS," "CCB" and "MKANYLT" are not the names of any creditor readily ascertainable to Plaintiff, or any other reasonable person.

39. A Google search for this term produces results that are meaningless.

40. The same four end users made additional inquiries, and likewise, Experian disclosed the inquiries as such:

| Account name | Date of request(s) |
|---|---|
| CLARITY/CCB/TLS/MKANLYTC<br>3280 N UNIVERSITY AVE<br>PROVO, UT 84604<br>*No phone number available* | 11/14/2023 |
| CLARITY/CCB/TLS/MKANLYTC<br>PO BOX 16<br>ALLEN, TX 75013<br>866 390 3118 | 11/14/2023 |

41. Other inquiries are equally cryptic, like four inquiries disclosed as such:

| Account name | Date of request(s) |
|---|---|
| CLARITY/FIRSTELCTBK-OPPL | 11/14/2023 |
| COLONY/CREDIT DEPT | 10/02/2023 |

42. Disclosing two different entities as the end user of the report, one of which, "FIRSTELCNK-OPPL," is not the name of any creditor readily ascertainable to Plaintiff, or any other reasonable person.

43. Experian has been sued numerous times in the past for failing to disclose the names of persons obtaining credit reports as required by law.

44. The failure of a person to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See*, *e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

45. Further, the lack of accurate, full disclosure of who had obtained her credit report caused Ms. Bryant great frustration and emotional distress and made her concerned she was the victim of fraud or identity theft.

46. Experian has been failing to provide the legally-required trade names of persons obtaining credit reports, written in full, for at least 10 years, and often substitutes impossible-to-understand shorthand instead.

47. Experian thus failed to use reasonable procedures when preparing a consumer disclosure to provide to Ms. Bryant upon her request.

48. Ms. Bryant has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

## COUNT I
## **EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)**

49. Ms. Bryant adopts and incorporates paragraphs 1 - 48 as if fully stated herein.

50. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Bryant when Experian sold reports which contained a duplicate tradeline regarding a credit card issued by Credit One, with a charged-off balance.

51. Experian has been sued before for identical conduct and is thus aware that its procedures for ensuring accuracy of reports are flawed, particularly pertaining to the prevention of duplicate tradelines.

52. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

53. Accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Bryant's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Bryant respectfully requests this Honorable Court enter judgment against Experian for:

    a. The greater of Ms. Bryant's actual damages and statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

  c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

  d. Such other relief that this Court deems just and proper.

## COUNT II
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
## (Pled in the Alternative to Count I)

54. Ms. Bryant adopts and incorporates paragraphs 1 - 48 as if fully stated herein, and pleads this count strictly in the alternative to Count I.

55. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Bryant when Experian sold reports which contained a duplicate tradeline regarding a credit card issued by Credit One, with a charged-off balance.

56. Experian acted negligently, and is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Bryant's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Bryant respectfully requests this Honorable Court enter judgment against Experian for:

  a. Ms. Bryant's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

  b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

  c. Such other relief that this Court deems just and proper.

## COUNT III
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

57. Ms. Bryant adopts and incorporates paragraphs 1 – 48 as if fully stated herein.

58. Experian violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Ms. Bryant's consumer report during the one-year period preceding the date on which the request was made. As described in the forgoing, more than a dozen inquiries were disclosed with false, made-up, and/or non-existent information, and/or utilized incomprehensible shorthand, and fell far short of being "written in full" as required.

59. Experian's conduct was thus willful and intentional, or alternately, was done with a reckless disregard for its duties under the FCRA.

60. Experian is therefore liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Bryant's actual damages and statutory damages not to exceed $1,000 *for each violation*, punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Bryant respectfully requests this Honorable Court to enter judgment against Experian for:

    a.    The greater of statutory damages of $1,000 per incident and Ms. Bryant's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and,

d. Such other relief that this Court deems just and proper.

## COUNT IV
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)
**(Pled in the alternative to Count III)**

61. Ms. Bryant adopts and incorporates paragraphs 1 – 48 as if fully stated herein, and pleads this count strictly in the alternative to Count III.

62. Experian violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, that procured Ms. Bryant's consumer report during the one-year period preceding the date on which the request was made. As described in the forgoing, more than a dozen inquiries were disclosed with false, made-up, and/or non-existent information, and/or utilized incomprehensible shorthand, and fell far short of being "written in full" as required.

63. Experian's conduct was negligent, and Experian is therefore liable, pursuant to 15 U.S.C. § 1681o, for Ms. Bryant's actual damages.

**WHEREFORE**, Ms. Bryant respectfully requests this Honorable Court to enter judgment against Experian for:

a. Ms. Bryant's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Ms. Bryant hereby demands a trial by jury on all issues so triable.

Respectfully submitted on June 11, 2024, by:

**SERAPH LEGAL, P. A.**

/s/ *Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar Number: 119168
BGeiger@seraphlegal.com
2124 W. Kennedy Blvd., Suite A.
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 303)
Fax: 855-500-0705
*Counsel for Plaintiff*